**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**IN ADMIRALTY**

GREAT LAKES INSURANCE SE,      /
Plaintiff,                       /
                                /
v.                          /      Civil Action No. _____
                                /
(1) SO BE IT 440 LLC and      /
(2) BB&T INSURANCE CENTER  /
Defendant.                 /
_____/

**GREAT LAKES INSURANCE SE'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE SE, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 et seq, Federal Rule of Civil Procedure 8, and the Local Rules of the United States District Court for the Middle District of Florida, and for its Complaint for Declaratory Judgment against Defendants SO BE IT 440 LLC and BB&T INSURANCE CENTER, respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, §2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Middle District of Florida as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the Assured named therein, Defendant SO BE IT 440 LLC, a Florida limited liability company which maintains its principal place of business in Port Charlotte, Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff GREAT LAKES INSURANCE SE (hereinafter "Plaintiff GLI") is a marine insurance company organized and existing under the laws of the United Kingdom, with its office and principal place of business located in London, United Kingdom.

5. Upon information and belief, Defendant SO BE IT 440 LLC (hereinafter "Defendant SO BE IT") is a Florida limited liability company which maintains its principal place of business in Port Charlotte, Florida.

6. Upon information and belief, Defendant BB&T INSURANCE CENTER (hereinafter "Defendant BB&T") is a North Carolina corporation which maintains its principal place of business in North Carolina.

## FACTUAL ALLEGATIONS

7. On or about May 5, 2016, the vessel *So Be It*, then named *Argenta*, was the subject of a pre-purchase survey performed by Ned. R. Hickel of Gale Force Surveys.

8. Based on the survey performed on May 5, 2016, Ned R. Hickel of Gale Force Surveys produced a Report of Marine Survey (hereinafter "the Survey"). The Survey is attached hereto as Exhibit 1.

9. The Survey included many findings with respect to the condition of the *So Be It*, as well as maintenance and safety recommendations.

10. The Survey noted that the "1301 Halon automatic fixed fire extinguisher located in engine compartment does not have a current inspection tag." Ex 1, p. 24 of 40.

11. The Survey noted that "Surveyor found it too hard to operate the main engine seacocks." Ex 1, p. 24 of 40.

12. The Survey noted that the "Vinyl glass enclosure on flybridge is cloudy." Ex 1, p. 25 of 40.

13. The Survey noted that the "Water sensors in Racor fuel bowls are disconnected." Ex 1, p. 25 of 40.

14. On or about May 2, 2019, Defendant SO BE IT submitted to the Plaintiff, via Defendant SO BE IT's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

15. A true and correct copy of the said application (hereinafter "the Application") completed and signed by Robert C. Roffey, Jr., a managing member of Defendant SO BE IT, and submitted to Plaintiff on or about May 2, 2019 by and on behalf of Defendant SO BE IT by its agent is attached hereto as Exhibit 2.

16. On or about May 7, 2019, Defendant SO BE IT submitted to the Plaintiff, via Defendant SO BE IT's agent, a Letter of Survey Recommendations Compliance with respect to the maintenance and safety recommendations detailed in the Survey. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to issue a policy affording marine insurance coverage on the vessel referenced therein.

17. A true and correct copy of the said Letter of Survey Recommendation Compliance (hereinafter "LOC") executed and submitted to Plaintiff on or about May 7, 2019 by and on behalf of Defendant SO BE IT by its agent is attached hereto as Exhibit 3.

18. Plaintiff agreed to issue its Policy No. CSRYP/175540 based upon the representations set forth in, and the material information disclosed in, the Survey, the Application, and the LOC. Ex 1, Ex 2, and Ex 3.

19. On or about May 23, 2019, Plaintiff GLI, in exchange for good and valuable consideration, issued to Defendant SO BE IT a policy of marine insurance, Policy No. CSRYP/175540,

affording $300,000.00 in first-party Hull & Machinery coverage on the 2005 45' Sea Ray with Cummins twin 500hp engines (Hull ID SERP6620G506) named *So Be It* (hereinafter "the Vessel").

20. A true and correct copy of Policy No. CSRYP/175540, including the declaration page, form SYP/8/COM, and the applicable endorsements (hereinafter "the Policy"), is attached hereto as Exhibit 4.

21. Defendant BB&T Insurance Center is named as the Loss Payee under the Policy.  Ex 4, p. 2.

22. On or about March 9, 2020, the *So Be It* is alleged to have sustained extensive damage due to an allision.

23. Upon receipt of the first notice of the loss described herein, Plaintiff GLI caused an investigation to be made into the facts and circumstances surrounding the said incident.

24. Following the report of the loss, the Vessel was examined by Arnold & Arnold on March 12, 2020.

25. The examination revealed that multiple recommendations contained in the 2016 Survey had not been complied with.

26. The examination revealed that the Vessel's Halon fire suppression system had not been serviced (recommendation B1).

27. The examination revealed that the Vessel's main engine sea cocks could not be moved (Recommendation B3).

28. The examination revealed that the Vessel's vinyl glass enclosure had been removed (Recommendation C1).

29. The examination revealed that water sensors were not installed in the Vessel's Racor fuel bowls (Recommendation C4).

30. The said investigation established that Defendant SO BE IT misrepresented facts in the LOC by failing to disclose that Recommendations B1, B3, C1, and C4 had not been complied with.

31. The said investigation established that Defendant SO BE IT breached the Policy's survey warranty by failing to complete Recommendations B1, B3, C1, and C4.

32. The said investigation established that Defendant SO BE IT breached the Policy's fire extinguisher warranty by failing to recertify the Vessel's Halon fire suppression system.

## FIRST CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 32 as if set forth fully herein.

34. Policy No. CSRYP/175540 states, in pertinent part:

> **9. General Conditions & Warranties**
> …
>
> m. This contract is null and void in the event of a non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance.  No action or inaction by us shall be deemed a waiver of this provision.

35. Policy No. CSRYP/175540 states, in pertinent part:

> **11. Service Of Suit, Choice Of Law And Forum**
>
> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

36. The investigation conducted by Plaintiff GREAT LAKES following the report of the loss revealed that Defendant SO BE IT misrepresented or failed to disclose material facts set forth in the LOC certifying compliance with all recommendations set forth in the Survey.

37. Defendant SO BE IT did not disclose the failure to comply with Recommendation B1, Recommendation B3, Recommendation C1, and Recommendation C4.

38. Had Defendant SO BE IT disclosed the material facts referenced herein, that certain of the recommendations had not in fact been complied with, the Plaintiff GREAT LAKES would not have agreed to issue Policy No. CSRYP/175540, would only have agreed to issue Policy No. CSRYP/175540 with different terms, and/or would only have agreed to issue Policy No. CSRYP/175540 at a higher premium.

39. Defendant SO BE IT's misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon Defendant SO BE IT by the express terms of the Policy and under the applicable principles of federal admiralty law.

40. Defendant SO BE IT's breach of the Policy and the duties imposed under federal admiralty law renders the said policy void ab initio and/or entitles the Plaintiff to declare the said policy void from its inception.

41. Notwithstanding the said breach of the policy and the lack of any coverage thereunder, Defendant SO BE IT has made demand upon Plaintiff for payment of an amount equal to the full costs of repairs and/or to the full amount of the insured value of the vessel under the said policy of marine insurance.

42. As a result of the aforesaid lack of coverage under the terms of the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175540.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

43. As a result of the Defendant SO BE IT's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with

6

respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 32 as if set forth fully herein.

45. Policy No. CSRYP/175540 states, in pertinent part:

> **9. General Conditions & Warranties**
> …
>
> r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement.  If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either:
>
> i.     The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim
>
> Or,
>
> ii.    The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

46. The Letter of Compliance states in pertinent part:

> **Letter of Survey Recommendations Compliance**
> …
>
> I certify, as owner of the vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted here, have been complied with, other than those listed below, along with the date of expected completion…
> …

47. Policy No. CSRYP/175540 states, in pertinent part:

> s. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

48. Policy No. CSRYP/175540 states, in pertinent part:

> **11. Service Of Suit, Choice Of Law And Forum**
>
> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

49. The investigation conducted by Plaintiff GREAT LAKES following the report of the loss revealed that Defendant SO BE IT did not complete all of the Survey's recommendations.

50. Defendant SO BE IT did not complete the Survey recommendation B1, B3, C1, and/or C4.

51. Defendant SO BE IT's failure to complete the recommendations in the Survey constitutes a breach of the survey compliance warranty and breach of the Letter of Survey Recommendations Compliance.

52. Notwithstanding the said breaches and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant SO BE IT has made demand upon Plaintiff for payment of an amount equal to the full costs of repairs and/or to the full amount of the insured value of the vessel under the said policy of marine insurance.

53. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175540.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance

policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

54. As a result of the Defendant SO BE IT's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 32 as if set forth fully herein.

56. Policy No. CSRYP/175540 states, in pertinent part:

> 9. **General Conditions & Warranties**
> …
>
> k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order.  This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

57. Policy No. CSRYP/175540 states, in pertinent part:

> s. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

58. Policy No. CSRYP/175540 states, in pertinent part:

> **11. Service Of Suit, Choice Of Law And Forum**
>
> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent

9

exists, this insuring agreement is subject to the substantive laws of the State of New York.

59. The post-incident investigation carried out by the Plaintiff established that the Halon automatic fixed fire extinguisher located in engine compartment did not have a current inspection tag.

60. Defendant SO BE IT was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

61. Defendant SO BE IT's breach of this express warranty renders the Policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

62. Defendant SO BE IT's breach of this express warranty permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of March 9, 2020.

63. Notwithstanding the said breach of this express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant SO BE IT has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

64. As a result of Defendant SO BE IT's breach of this express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175540.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

65. As a result of Defendant SO BE IT's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to

the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION

66. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 32 as if set forth fully herein.

67. Policy CSRYP/175540 states, in pertinent part:

> **Policy Schedule**
> …
>
> **Loss Payee:**  BB & T Insurance Center, PO Box 25610-C, Charlotte, NC 288829

68. Based on the express terms of the Policy, Defendant BB&T is merely the Loss Payee.

69. As a result of Defendant BB&T's status as a mere Loss Payee under the Policy, Defendant BB&T cannot possibly have any right to greater coverage under the Policy than the Named Insured, Defendant SO BE IT.

70. Notwithstanding Defendant SO BE IT's status as a mere Loss Payee, and notwithstanding the lack of coverage under the Policy as detailed in the three prior causes of action, Defendant SO BE IT has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

71. As a result of Defendant SO BE IT's demands for coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175540.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

72. As a result of the Defendant SO BE IT's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Defendant/Counter-Plaintiff demands judgment from the Court:

(A)   Declaring that the relationship of insurer and insured does not exist between Plaintiff GREAT LAKES INSURANCE SE and Defendant SO BE IT 440 LLC as regards the incident of March 9, 2019 in which the insured vessel is alleged to have sustained damage;

(B)   Declaring that Plaintiff's Policy No. CSRYP/175540 does not afford coverage to Defendant SO BE IT 440 LLC for the incident of March 9, 2019 in which the Vessel is alleged to have sustained damage;

(C)   Declaring that Defendant SO BE IT's misrepresentation and/or non-disclosure of material facts as described herein voids the coverage afforded under the Policy and allows the Plaintiff to void and/or to rescind the said policy;

(D)   Declaring that Defendant SO BE IT's breach of the Policy's warranty of completion of all survey recommendations as described herein voids the Policy ab initio and relieves the Plaintiff from any and all liability to Defendant SO BE IT under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(E)   Declaring that Ciao Bella's breach of the Policy's express fire extinguisher warranty as described herein voids the Policy ab initio and relieves the Plaintiff from any and all liability to Defendant SO BE IT under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(F)   Declaring that Defendant BB&T INSURANCE CENTER, as the mere Loss Payee under the Policy, is entitled to no great rights or coverage under the Policy than Defendant SO BE IT 440 LLC.

(G)   Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:       April 20, 2020
             Fort Lauderdale, Florida

                          GOLDMAN & HELLMAN
                          Attorneys for Defendant
                          8751 W. Broward Boulevard
                          Suite 404
                          Fort Lauderdale, Florida 33324
                          Tel (954) 356-0460
                          Fax (954) 832-0878

                          By: ___/s/ Steven E. Goldman_____
                                STEVEN E. GOLDMAN, ESQ.
                                FLA. BAR NO. 345210

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 5, 2019, a true and correct copy of the foregoing, along with a summons and request for waiver of service of process, is being served on the following Defendants by United States First Class Mail:

So Be It 440 LLC
18746 Ayrshire Circle
Port Charlotte, FL 33948

Respectfully submitted April 20, 2020.

GOLDMAN & HELLMAN
Attorneys for Defendant
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: ____/s/ Steven E. Goldman_____
        STEVEN E. GOLDMAN, ESQ.
        FLA. BAR NO. 345210